IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
10/16/2026
Clerk, U.S. District Court
By: MSB Deputy Clerk

JUNIOR TAMAYO PEREZ,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
MARKWAYNE MULLIN, Secretary, DHS; and
DAVID VENTURELLA, Acting Director, ICE,

Respondents.

Case No. 26-3334-JWL

**MEMORANDUM AND ORDER**

Acting *pro se*, petitioner filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his continued detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Cuba, entered the United States in 2011 and became a lawful permanent resident in 2013. In 2015, petitioner was convicted of aggravated battery, and in 2017 an immigration court ordered petitioner's removal, but petitioner was released on an order of supervision after immigration officials determined that his removal in the near future was unlikely. Immigration officials again detained petitioner on June 9, 2026, after petitioner had again been arrested for aggravated battery, and he remains in custody in this judicial district. Petitioner filed the instant action on September 8, 2026. After the Court ordered petitioner to show cause why the petition should not be denied for failure to state

a claim (based on the absence of any allegation of a violation of federal law), petitioner filed a response clarifying his claim. Respondents have filed an answer, and petitioner has filed a traverse, and the case is therefore ripe for ruling.

By his habeas petition, petitioner challenges his continued detention. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner claims that his prolonged detention without a bond hearing violates due process; he claims that the Government's refusal to release him constitutes an abuse of discretion because he does not pose a danger or a flight risk; he questions the basis for his detention; and he seeks his release from custody. As noted, however, petitioner is subject to a final removal order, and he is therefore subject to mandatory detention under 8 U.S.C. § 1231. Thus, any challenge to his detention is governed by the framework established in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In that case, the Supreme Court held that although an alien may not be detained indefinitely, the detention of an alien subject to a final order of removal for up to six months is presumptively reasonable in view of the time required to accomplish removal. *See id*. at 699-701. The Supreme Court further held that, beyond that six-month period, if the alien shows that there is "no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *See id.* at 701.

This Court has consistently held that the six-month period under *Zadvydas* restarts upon the re-detention of an alien who was previously released. *See, e.g.*, *Rustami v. Noem*, 2025 WL 3760744, at *2 n.1 (D. Kan. Dec. 30, 2025) (Lungstrum, J.). Petitioner has been detained for only four months, and therefore petitioner's detention remains presumptively reasonable under *Zadvydas*. Accordingly, any claim under Section 1231 fails. In addition, as this Court has previously held, if a petitioner cannot satisfy the Supreme Court's test from *Zadvydas*, there is no due process violation except in an exceptional case. *See S.E.C. v. Olson*, 2026 WL 1993217, at *3 (D. Kan. July 10, 2026) (Lungstrum, J.). Petitioner has not shown any dilatory or bad faith conduct by the Government with respect to his removal; nor has he shown exceptional circumstances in this case with respect to his detention or removal, as he has been detained for only a few months and officials continue their efforts to remove him. Accordingly, the Court denies the petition.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 16th day of October, 2025, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge